UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOWNTOWN DISCOUNT PRODUCE, INC.
d/b/a DOWNTOWN PRODUCE MARKET &
MORE,

                Plaintiff,                Case No: 6:08-cv-1104-Orl-31GJK

vs.

SPECIALTY RESTAURANT DEVELOPMENT -
CFL, LLC, SPECIALTY RESTAURANT, LLC,
ABE GUSTIN , GREG GUSTIN, GUY A. TAYLOR,
and JACK E. PARSONS,

                Defendants.

_____

**PRELIMINARY INJUNCTION**

This cause comes before the Court on Plaintiff's Motion for Preliminary Injunction or for an Order to Show Cause Why an Injunction Should Not Issue (Doc. 2). The Plaintiff, Downtown Discount Produce, Inc., d/b/a Downtown Produce Market & More, seeks an Order enjoining and restraining the Defendants, Specialty Restaurant Development - CFL, LLC and Specialty Restaurant Development, LLC (hereafter collectively referred to as "Specialty"), Abe Gustin, Greg Gustin, Guy A. Taylor and Jack E. Parsons, and their employees, agents, servants, successors, assigns and attorneys from taking any action to assign, transfer, convey, spend or dissipate PACA trust funds in the amount of $148,049.00, and directing and requiring the Defendants to account for said sum.

On July 10, 2008, the Court issued its Order to Show Cause, setting the motion for hearing and giving Defendants until July 16, 2008 to file a written response, which

they did not do.[1] A hearing was held before this Court on July 17, 2008 at 9:00 a.m. at which Defendants failed to appear.

This action is brought pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499, *et seq*. ("PACA"), which creates a trust for the benefit of entities such as Downtown Produce, with assets consisting of all produce on hand, produce receivables, and any other produce-related assets of the Defendants.

Downtown Produce seeks a preliminary injunction requiring the Defendants to account for, segregate and pay over trust assets in fulfillment of their responsibilities under PACA or, in the alternative, an order enjoining the Defendants and their assigns, banking institutions, agents, servants, or employees from taking any action to assign, transfer, spend or dissipate PACA trust assets in the amount of approximately $148,049 and requiring them to turn over that sum to Downtown Produce.

> [PACA] does not provide for any specific mechanism for assuring payment to trust creditors in the face of a financially troubled debtor. Courts have indicated that on these facts a court is entitled to prevent further dissipation of assets and to set up mechanisms to conserve the assets needed to satisfy the trust creditors. *Fresh Western Marketing v. M & L Food Center*, 707 F. Supp. 515 (S.D. Fla. 1989); *DeBruyn Produce Company v. Victor Foods, Inc.*, 674 F. Supp. 1405, 1407 (E.D. Mo. 1987); both citing *Dole Fresh Fruit Company v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987).

*DeBruyn Produce Co. v. Olympia Produce Co.*, 734 F. Supp. 483, 485 (N.D. Ga. 1989).

However, before the Plaintiff can prevail on its request for a Preliminary Injunction, it must satisfy the following four elements: 1) a substantial likelihood of success on the merits of his claims; 2) proof that he would suffer irreparable harm if

---

[1] Plaintiff's filings indicate that Specialty, Greg Gustin and Jack Parsons were personally served on July 10, 11 and 12, 2008. (*See* Doc. 12).

injunctive relief is denied; 3) a balancing of the harms to the Plaintiff and the Defendant if an injunction is granted; and 4) consideration of the public interest. *Davidoff & CIE, S.A., v. PLD, Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir. 2001).

Title 7 of the United States Code, section 499e(c) imposes a trust on all produce-related assets including receivables or proceeds from the sale of perishable commodities. The trust is established for the benefit of the unpaid grower (seller) and remains in effect until the seller is paid in full. 26 7 U.S.C. § 499e(c)(2). The grower's agent is required to maintain trust assets in a manner such that they are freely available to satisfy outstanding obligations to sellers of perishable commodities. 7 C.F.R. § 46.46(d)(1). Dissipation of the trust assets is a violation of the act. *Id.*[2]

Based on the affidavit submitted by Plaintiff, as well as the arguments presented at the hearing, this Court finds that Plaintiff has demonstrated a likelihood of success on the merits of its claim that Defendants violated their duties under PACA. Specifically, Plaintiff has produced evidence that it transferred produce to Defendants for which it has not been paid, and that Defendants have dissipated the assets of the trust by transferring the trust assets to another entity without first paying Plaintiff what it was due.

Furthermore, this Court finds that the issuance of this injunction will not cause undue harm to the Defendants, will prevent irreparable harm to the Plaintiff that would

---

[2]"Dissipation" is defined as "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid sellers . . . to recover money owed in connection with produce transactions." 7 C.F.R. § 46.46(a)(2).

result from continued dissipation of trust assets[3], and is in the best interest of the public. Accordingly, it is

**ORDERED** that

1.      Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **GRANTED**;

2.      By 4:00 p.m. on July 28, 2008, Defendants, Specialty Restaurant Development, LLC and Specialty Restaurant Development, LLC, Greg Gustin, Jack E. Parsons and other Defendants who receive actual notice of this Order, shall render to Plaintiff's counsel a complete accounting, including the following documents regarding the assets of Specialty: (a) most recent balance sheets and profit/loss statements; (b) current accounts receivable and accounts payable; (c) all records, such as journals, bank account registers and cash receipt records, showing the receipt and disbursement of funds of the company during the last six (6) months; and (d) any and all documents, including contracts, regarding the sale or alienation of the assets of Specialty and the disposition of the sales proceeds within the last six months;

3.      Defendants, Specialty Restaurant Development, LLC and Specialty Restaurant Development, CFL, LLC, their employees, agents, officers, subsidiaries, successors or assigns and any banking institution or related entity holding Specialty funds, shall not alienate, dissipate, pay over or assign any of the trust assets of Specialty, consisting of all produce on hand, produce receivables, and any other produce-related assets of the

---

[3] *See, e.g., Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140-41 (3d Cir. 2000).

Defendants, as well as the proceeds of any sale of such assets which may have occurred within the past six (6) months[4], except as ordered by this Court; and

4. Following rendition of the aforementioned accounting, the Court will conduct a further hearing on July 31, 2008 at 9:00 a.m.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 17, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that if, as Plaintiff contends, Defendants have sold PACA trust assets to a third party, that third party may be subject to the injunctive power of this Court as well.